## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFF MOORE and ELIZABETH BROOKE MOORE on behalf of themselves and all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>YELLOW FREIGHT CORPORATION<br><br>Defendant. | **CLASS ACTION COMPLAINT<br>AND<br>JURY DEMAND**<br><br><br>Civil No.:<br><br>Judge: |

Jeff Moore and Elizabeth Brooke Moore ("Plaintiffs") on behalf of themselves and a class of those similarly situated, by way of Complaint against Yellow Freight Corporation (hereinafter referred to as "Defendant") by and through their counsel alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Worker Adjustment and Retraining Notification Act of 1988 29 U.S.C. §§ 2101-2109 et seq. (the "WARN Act"). Plaintiffs were employees of Defendant until they were terminated as part of, or as a result of a mass layoff and/or plant closing ordered by Defendant. As such, Defendant is liable under the WARN Act for the failure to provide Plaintiffs and the other similarly situated former employees at least 60 days' advance written notice of termination, as required by the WARN Act.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C § 2104 (a)(5).

1

3. Venue in this Court is proper pursuant to 28 U.S.C §2104 (a)(5).

## THE PARTIES

4. Upon information and belief, Defendant, was, at all relevant times to this action, a Delaware corporation which maintained facilities throughout the United States (the "Facilities").

5. At all relevant times to this action, Plaintiffs Jeff Moore and Elizabeth Brooke Moore were employees who were employed by Defendant and worked at or reported to a facility located at 1892 Airport Ind Park Dr SE Marietta GA 30060 (the "Marietta Facility") until their termination without cause on or about July 28, 2023.

6. Until on or about July 28, 2023, Plaintiffs and all other similarly situated employees, were employed by Defendant and worked at, or reported to, or were assigned work from its Facilities ("Other Similarly Situated Employees").

7. On or about July 28, 2023 and thereafter, Defendant ordered the termination of Plaintiffs' employment together with the termination of approximately 30,000 other employees who worked at or reported to or were assigned work from its Facilities as part of a mass layoff and/or plant closing as defined by the WARN Act, for which they were entitled to receive 60 days advance written notice under the WARN Act.

## CLASS ACTION ALLEGATIONS – 29 U.S.C. § 2104(a)(5)

8. Pursuant to 29 U.S.C. § 2104 (a)(5), Plaintiffs maintain this action on behalf of themselves and on behalf of each of the Other Similarly Situated Employees.

9. Each of the Other Similarly Situated Former Employees is similarly situated to Plaintiffs in respect to his or her rights under the WARN Act.

10. Defendant was required by the WARN Act to give Plaintiffs and the Other Similarly Situated Employees at least 60 days advance written notice prior to their terminations.

11. Prior to their terminations, neither Plaintiffs nor the Other Similarly Situated Employees received written notice that complied with the requirements of the WARN Act.

12. Defendant failed to pay Plaintiffs and the Other Similarly Situated Employees their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for sixty (60) days following their respective terminations and failed to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

## CLASS ALLEGATIONS RULES 23(a) AND (b)

13. Plaintiffs bring this action on their own behalf and, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the other employees who worked at the Facilities and were terminated as part of a mass layoff and/or plant closing ordered by Defendant at the Facilities on or about July 28, 2023 and thereafter ("the "Class").

14. The persons in the Class identified above ("Class Members") are so numerous that joinder of all Class Members is impracticable.

15. There are questions of law and fact common to the Class Members that predominate over any questions affecting only individual members.

16. The claims of the representative parties are typical of the claims of the Class.

17. The representative parties will fairly and adequately protect the interests of the Class.

18. Plaintiffs have retained counsel competent and experienced in complex class action employment litigation.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy—particularly in the context of WARN Act litigation, where an individual Plaintiff and Class Members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

20. There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

    (a) Whether the Class Members were employees of Defendant who worked at or reported to the Facilities;

    (b) Whether Defendant terminated the employment of the Class Members as part of a mass layoff and/or plant closing without cause on their part and without giving them 60 days advance written notice;

    (c) Whether Defendant may rely on the WARN Act's "unforeseeable business circumstances" or "faltering company" defense.

    (d) Whether Defendant's failure to provide 60 days' notice should render it liable to the Class Members for 60 days' pay and benefits.

## WARN ACT CLAIM

21. At all relevant times, Defendant employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act and employed more than 50 employees at each facility.

22. At all relevant times, Defendant was an "employer," as that term is defined in 29 U.S.C. § 2101(a)(1) of WARN and 20 C.F.R. § 639.3(a).

23. On or about July 28, 2023 and thereafter, Defendant ordered a "mass layoff" and/or "plant closing" at the Facilities as that term is defined by 29 U.S.C. § 2101(a)(3).

24. Plaintiffs and the Class Members who were terminated by Defendant as a result of Defendant ordering a mass layoff and/or plant closing at the Facilities on or about July 28, 2023 and thereafter were "affected employees" as defined by 29 U.S.C. § 2101(a)(5) of the WARN Act.

25. The mass layoff and/or plant closing at the Facilities resulted in "employment losses," as that term is defined by the WARN Act for at least fifty (50) of Defendant's employees as well as 33% of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by the WARN Act.

26. Plaintiffs and each of the Class Members are "aggrieved employees" of Defendant as that term is defined in 29 U.S.C. § 2104 (a)(7).

27. Pursuant to Section 2102 of WARN and 20 C.F.R. § 639.1 - § 639.10 et seq., Defendant was required to provide at least 60 days prior written notice of the terminations.

28. Defendant failed to provide at least sixty (60) days prior notice to the Class Members of their terminations.

29. Defendant failed to pay Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective terminations.

30. Additionally, Defendant failed to make the pension and 401(k) contributions, provide other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

31. As a result of Defendant's failure to pay the wages, benefits and other monies as asserted above, the Aggrieved Employees were damaged in an amount equal to the sum of the Class Members unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of the members' terminations.

**WHEREFORE**, Plaintiffs and Class Members demand judgment against Defendant as follows:

a. An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay pension and 401(k) contributions and other ERISA benefits that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, for sixty (60) working days following the member employee's termination, all determined in accordance with the WARN Act;

b. Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, 29 U.S.C §2104(a)(5), Plaintiffs and the Class Members constitute a single class;

c. Interest as allowed by law on the amounts owed under the preceding paragraphs;

d. Appointment of the undersigned attorneys as Class Counsel;

e. Appointment of Plaintiffs as the Class Representatives and payment of reasonable compensation for their services as such;

 f. The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. §2104(a)(6);

 g. Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiffs are entitled to try its case to a jury of its peers, and Plaintiffs hereby demands the same.

DATED this 2nd day of August, 2023.

> By: /s/ _ James E. Huggett __
> MARGOLIS EDELSTEIN
> James E. Huggett (#3956)
> 300 Delaware Avenue
> Suite 800
> Wilmington, DE 19801
> Phone 302-888-1112
> Fax 302-888-1119
>
> LANKENAU & MILLER, LLP
> Stuart J. Miller (SJM 4276)
> 100 Church Street, 8th FL
> New York, NY 10078
> P: (212) 581-5005
> F: (212) 581-2122
>
> THE GARDNER FIRM, PC
> Mary E. Olsen (OLSEM4818)
> M. Vance McCrary (MCCRM4402)
> 182 St. Francis Street
> Suite 103
> Mobile, Alabama 36602
> P: (251) 433-8100
> F: (251) 433-8181
>
> Cooperating Counsel for
> THE NLG MAURICE AND JANE SUGAR
> LAW CENTER FOR ECONOMIC AND
> SOCIAL JUSTICE, a non-profit law firm
>
> *ATTORNEYS FOR PLAINTIFFS*